UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED STAMP: JULY 24, 2008

08CV4225

JUDGE MAROVICH

MAG. JUDGE MASON

J. N.

| | | |
|---|---|---|
| **DELMY PACHECO AND MIRIAM** | ) | |
| **PEREZ**, on behalf of themselves and | ) | |
| all other individuals similarly situated, | ) | Case Number: |
| Plaintiffs, | ) | |
| v. | ) | (Pending In The Circuit Court of |
| | ) | of Cook County as Case No. |
| **THE CLEANING COMPANY, INC,** | ) | 08 CH 22118) |
| and **JUAN C. NAVARRO** | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Petitioner, The Cleaning Company, Inc. a defendant in the above captioned case, by its

attorneys, Jeffrey C. Blumenthal and Karl L. Felbinger, Jr. seeks removal of the state court

action described below to this Court and, in support thereof, alleges as follows :

1) The Cleaning Company. Inc. is a corporation organized and existing under the laws of

   Illinois with its principal place of business in Villa Park, DuPage County, Illinois.

2) At present, only defendant The Cleaning Company, Inc. has been served with process in

   this cause.

3) This action was commenced against The Cleaning Company, Inc. and Juan C. Navarro on

   June 19, 2008 in the Circuit Court of Cook County, Illinois. A copy of the Complaint and

   a Summons were served on the Registered Agent for the defendant, The Cleaning

   Company, Inc., on June 26, 2008. This Notice is timely filed within thirty (30) days after

   service of the Complaint and Summons on defendant The Cleaning Company, Inc.

4) This action is a civil action over which the United States District Courts have original

   jurisdiction  under the provisions of 28 U.S.C. §1331. This action may be removed to this

   Court pursuant to 28 U.S.C. §1441. The Complaint, a copy of which is attached and

incorporated by reference into this Notice, alleges an action in Count IV that arises under

an Act of Congress, namely the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*

regulating, *inter alia,* wages.

5) Defendant, The Cleaning Company, Inc. attaches to this Notice, as Exhibit 1, copies of

all process, pleadings, and orders that have been served on it.

WHEREFORE, defendant, The Cleaning Company, Inc. respectfully requests that this cause

be removed to the United States District Court for the Northern District of Illinois .

Respectfully Submitted,
Your Petitioner, Defendant
The Cleaning Company, Inc.

By: _____
One of Its Attorneys

Jeffrey C. Blumenthal (ARDC #3124049)
Karl L. Felbinger Jr. (ARDC #6212222)
Jeffrey C. Blumenthal Chartered
2970 Maria Avenue, Suite 223
Northbrook, Illinois 60062
Telephone: (847) 498-3220
Facsimile: (847) 498-3221
jcblaw@ameritech.net

## CERTIFCATE OF SERVICE

I, Karl L. Felbinger, an attorney, certify that on July___, 2008, I caused a copy of the foregoing
NOTICE OF REMOVAL to be mailed to John E. Untereker, Working Hands Legal Clinic,
attorney for plaintiffs, 77 W. Washington Street, Suite 1402, Chicago, Illinois 60602 with proper
postage affixed and that, on July __, 2008, I also facsimiled a copy of the foregoing NOTICE OF
REMOVAL to John E. Untereker, Working Hands Legal Clinic at facsimile number (312) 419-
1025.

08CV4225
JUDGE MAROVICH
MAG. JUDGE MASON
J. N.

4/2008 17:41 FAX 16308341279                THECLEANINGCOMPANY                      ☑003

| 2120 – Served | 2121 – Served | |
|---|---|---|
| 2220 – Not Served | 2221 – Not Served | |
| 2320 – Served By Mail | 2321 – Served By Mail | |
| 2420 – Served By Publication | 2421 – Served By Publication | |
| SUMMONS | ALIAS – SUMMONS | CCG N001-10M-1-07-05 (           ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, Chancery _____ DIVISION

(Name all parties)
Delmy Pacheco and Miriam Perez, on behalf of themselves
and all other individuals similarly situated

**08CH22118**

v.

The Cleaning Company, Inc., and Juan C. Navarro,
individually

No. _____

The Cleaning Company, Inc.
c/o Michael R. Liss
1301 West 22nd St., Ste. 709
Oak Brook, IL 60523

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room **802** _____, Chicago, Illinois 60602

| ☐ District 2 - Skokie | ☐ District 3 - Rolling Meadows | ☐ District 4 - Maywood |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |

| ☐ District 5 - Bridgeview | ☐ District 6 - Markham | ☐ Child Support |
|---|---|---|
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 44534 _____
Name: John E. Untereker/Working Hands Legal Clinic
Atty. for: Plaintiffs
Address: 77 W. Washington Street, Suite 1402
City/State/Zip: Chicago, IL 60602
Telephone: (312)-795-9115

WITNESS, _____            JUN 1 9 2008

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
_____
(Area Code)   (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS



1

ALL-STATE® INTERNATIONAL

07/14/2008 17:42 FAX 16308341279          THECLEANINGCOMPANY                    ☑004

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

DELMY PACHECO, and MIRIAM PEREZ, )
on behalf of themselves and all other )
individuals similarly situated, known and )
unknown, )
                                  )
           Plaintiff, )
                                  )      Case No.     **08CH22118**
    v. )
                                    )      Judge
THE CLEANING COMPANY, INC., )
and JUAN C. NAVARRO individually, )
                                    )
           Defendants. )

### COMPLAINT

Plaintiffs Delmy Pacheco and Miriam Perez ("Plaintiffs"), through their attorneys,

on behalf of themselves and all other individuals similarly situated, known and unknown,

for their Complaint against The Cleaning Company, Inc. ("Cleaning Company") and Juan

C. Navarro ("Navarro") (collectively "Defendants"), state as follows:

### I.    NATURE OF PLAINTIFFS' CLAIM

1.    This lawsuit arises under the Illinois Minimum Wage Law, 820 ILCS

105/1 *et seq.* ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS

115/1 *et seq.* ("IWPCA") for Defendants': (1) failure to pay Plaintiffs and other similarly

situated employees overtime pay for hours worked in excess of forty (40) in individual

work weeks; (2) failure to pay Plaintiffs and other similarly situated employees the

Illinois mandated minimum wages for all the time they worked; and, (3) failure to pay

Plaintiffs and other similarly situated employees their earned wages for all time worked

at the rates agreed upon by the parties. Additionally, Plaintiffs bring individual claims

1

for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA").

2.  The "IMWL Class Period" for the IMWL overtime and minimum wage claims is designated as the period beginning June 19, 2005 based on the limitations period of the IMWL. The "IWPCA Class Period" for the IWPCA owed earned wage claims is designated as the period beginning June 19, 2003 based on the limitations period of the IWPCA.

## II. JURISDICTION

3.  Jurisdiction in this Court is proper pursuant to 735 ILCS 5/2-209(a)(1) because Defendants committed the violations of the IMWL, IWPCA, and FLSA complained of herein in Illinois and, pursuant to 735 ILCS 5/2-209(b)(4), because Defendants conduct and transact business from and within the state of Illinois.

## III. VENUE

4.  Venue is proper in this judicial district pursuant to 735 ILCS 5/2-101 in that Plaintiffs and other members of the Class performed work for Defendants within Cook County, Illinois, a substantial number of the acts complained of herein occurred within Cook County, Illinois, and Defendants have maintained offices and transacted business during the Class Period within Cook County, Illinois.

## IV. THE PARTIES

5.  Plaintiffs currently reside in and are domiciled in Cook County, Illinois.

6.  At all relevant times herein, Plaintiffs were employed as Defendants' "employees" within this judicial district and were not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/1 *et seq.* and the FLSA, 29 U.S.C. §207.

2

7.    At all relevant times herein, Plaintiffs have been "employees" of Defendants as defined in the IMWL, 820 ILCS 105/3(d), the IWPCA, 820 ILCS 115/2, and the FLSA 29 U.S.C. §203(e)(1).

8.    At all relevant times herein, Defendants have been an "employer" as defined in the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS 115/1 *et seq.*, and the FLSA, 29 U.S.C. §203(d)

9.    Defendants have had two or more employees, including Plaintiffs, who handle goods that moved in interstate commerce.

10.    Defendant Cleaning Company is an Illinois corporation with its principal place of business within this judicial district and is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A).

11.    Defendant Cleaning Company was Plaintiffs' "employer" as that term is defined in the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS §115/1 *et seq.*, and the FLSA, 29 U.S.C. 203(d).

12.    Defendant Navarro was Plaintiffs' "employer" as that term is defined in the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS §115/1 *et seq.*, and the FLSA, 29 U.S.C. 203(d).

13.    Defendant Navarro is an owner and principal officer of Cleaning Company and is involved in the day-to-day business operation of Defendant Cleaning Company. Defendant Navarro has the authority to hire and fire persons employed by Defendant Cleaning Company, including the Plaintiffs, the authority to direct and supervise the work of Defendant Cleaning Company's employees, the authority to sign

3

on Defendant Cleaning Company's checking accounts, including payroll accounts, and makes decisions regarding employee compensation and capital expenditures.

## V.    FACTUAL BACKGROUND

14.    Plaintiff Pacheco was employed by Defendants performing cleaning work in Chicago from approximately August 2007 to March 2008.

15.    Plaintiff Perez was employed by Defendants performing cleaning work in Chicago from approximately April 2007 to March 2008.

16.    Plaintiffs and other similarly situated employees were routinely directed to work in excess of seventy (70) hours per week. For example, Plaintiffs routinely worked eighteen (18) hours two days a week and twelve hours (12) three days a week.

17.    Plaintiffs and other similarly situated employees had an agreement with Defendants to be compensated for all work performed at the agreed upon hourly rate.

18.    Plaintiffs agreed to be paid for all work performed at an hourly rate ranging from $8.00 to $8.80 as reflected in Plaintiffs' pay stubs. Other similarly situated employees agreed to be paid at similar rates. For example:

a.    For the two-week period from September 23, 2007 through October 6, 2007, Plaintiff Pacheco was paid at the hourly rate of $8.00. This was the rate Plaintiff Pacheco agreed to be paid for all work performed. See Plaintiff Pacheco's pay stub attached hereto as Exhibit A.

b.    For the two-week period from February 24, 2008 through March 8, 2008, Plaintiff Pacheco was paid at the hourly rate of $8.30. This was the rate Plaintiff Pacheco agreed to be paid for all work performed. See Plaintiff Pacheco's pay stub attached hereto as Exhibit B.

c.    For the two-week period from September 23, 2007 through October 6,

4

2007, Plaintiff Perez was paid the hourly rate of $8.50. This was the rate Plaintiff Perez agreed to be paid for all work performed. See Plaintiff Perez's pay stub attached hereto as Exhibit C.

d.      For the two-week period from February 24, 2008 through March 8, 2008, Plaintiff Perez was paid at the hourly rate of $8.80. This was the rate Plaintiff Perez agreed to be paid for all work performed. See Plaintiff Perez's pay stub attached hereto as Exhibit D.

19.      While Plaintiffs and other similarly situated employees customarily worked in excess of seventy (70) hours in a week, Defendants only compensated them for forty (40) hours in a week. Plaintiffs paid neither overtime at one and a half times the regular rate of pay, nor the agreed upon hourly rate for all time in excess of forty (40) hours in an individual work week. For example:

a.      For the two-week period from September 23, 2007 through October 6, 2007, Plaintiff Pacheco worked approximately one hundred forty-four (144) hours. Plaintiff Pacheco was paid for only eighty (80) of these one hundred forty-four (144) hours worked, totaling $640.00 at the agreed upon hourly rate ($8.00 * 80.00 = $640.00). Plaintiff Pacheco was not paid her agreed upon hourly rate of $8.00 for the uncompensated sixty-four (64) hours worked (144 hours worked – 80 hour paid = 64 hours). Neither was Plaintiff Pacheco paid overtime at the rate of one and one half regular rate of pay for the uncompensated sixty-four (64) hours worked in excess of eighty (80) hours for the two week period. See Plaintiff Pacheco's pay stub attached hereto as Exhibit A.

b.      For the two-week period from February 24, 2008 through March 8, 2008, Plaintiff Pacheco worked approximately one hundred forty-four (144) hours. Plaintiff

5

Pacheco was paid for only eighty (80) of the one hundred forty-four (144) hours worked, totaling $664.00 at the agreed upon hourly rate ($8.30 * 80.00 = $664.00). Plaintiff Pacheco was not paid her agreed upon hourly rate of $8.30 for the uncompensated sixty four (64) hours worked (144 hours worked – 80 hour paid = 64 hours). Neither was Plaintiff Pacheco paid overtime at the rate of one and one half times regular rate of pay for the uncompensated sixty-four (64) hours worked in excess of eighty (80) hours for the two week period. See Plaintiff Pacheco's pay stub attached hereto as Exhibit B.

c.     For the two-week period from September 23, 2007 through October 6, 2007, Plaintiff Perez worked approximately one hundred forty-four (144) hours. Plaintiff Perez was paid for only eighty (80) of these one hundred forty-four (144) hours worked totaling $680.00 at the agreed upon hourly rate ($8.50 * 80.00 = $680.00). Plaintiff Perez was not paid her agreed upon hourly rate of $8.50 for the remaining sixty-four (64) hours worked (144 hours worked – 80 hour paid = 64 hours). Neither was Plaintiff Perez paid overtime at the rate of one and one half regular rate of pay for the remaining sixty-four (64) hours worked in excess of eighty (80) hours for the two week period. See Plaintiff Perez's pay stub attached hereto as Exhibit C.

d.     For the two-week period from February 24, 2008 through March 8, 2008, Plaintiff Perez worked approximately one hundred forty-four (144) hours. Plaintiff Perez was paid for only eighty (80) of these one hundred forty-four (144) hours worked, totaling $704.00 at the agreed upon hourly rate ($8.80 * 80.00 = $704.00). Plaintiff Perez was not paid her agreed upon hourly rate of $8.80 for the uncompensated sixty-four (64) hours worked (144 hours worked – 80 hour paid = 64 hours). Neither was Plaintiff Pacheco paid overtime at the rate of one and one half regular rate of pay for the uncompensated sixty-four (64) hours worked in excess of eighty (80) hours for the two

6

week period. See Plaintiff Perez's pay stub attached hereto as Exhibit D.

20.     As a result of not being paid all their earned wages, Plaintiffs and other similarly situated class members' hourly wage fell below the Illinois minimum wage. For example:

a.      For the two-week period from February 24, 2008 through March 8, 2008, Plaintiff Pacheco worked approximately one hundred forty-four (144) hours. Plaintiff Pacheco was paid for only eighty (80) of the one hundred forty-four (144) hours worked, at the agreed upon hourly rate of $8.30, resulting in an average hourly rate of $4.61 [(80 hours * $8.30)/144 hours worked = $4.61] See Plaintiff Pacheco's pay stub attached hereto as Exhibit B.

b.      For the two-week period from February 24, 2008 through March 8, 2008, Plaintiff Perez worked approximately one hundred forty-four (144) hours. Plaintiff Perez was paid for only eighty (80) of the one hundred forty-four (144) hours worked, at the agreed upon hourly rate of $8.80, resulting in an average hourly rate of $4.89 [(80 hours * $8.80)/144 hours worked = $4.89] See Plaintiff Perez's pay stub attached hereto as Exhibit D.

## VI.    CLASS ACTION ALLEGATIONS

21.     Plaintiffs bring this action, on behalf of themselves and all other similarly situated persons, as a class action pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801.

22.     The Class that Plaintiffs seek to represent in regard to the IMWL overtime claim is composed of and defined as all persons who have been employed by Defendants since June 19, 2005.

23.    The Class that Plaintiffs seek to represent in regard to the IWPCA unpaid earned wages claim is composed of and defined as all persons who have been employed by Defendants since June 19, 2003.

24.    This action has been brought and may properly be maintained as a class action under 735 ILCS 5/2-801 because:

a.    The class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed over seventy (70) workers in Illinois during the IMWL and IWPCA Class period.

b.    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

   i.    Whether Defendants failed to pay employees overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

   ii.    Whether Defendants failed to pay employees all their earned wages during the IWPCA Class Period.

c.    Plaintiffs will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs' Counsel is competent and experienced in litigating large wage and hour and other employment class actions.

d.    The class action is an appropriate method for the fair and efficient adjudication of the controversy. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the

8

judicial system. Certifying this case as a class action is superior because Plaintiffs and the class seek injunctive relief that will affect all class members in a common way.

e.  Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

## COUNT I
### Violation of the Illinois Minimum Wage Law -- Overtime Wages
### (Plaintiffs Individually and on behalf of all Similarly Situated Employees)

Plaintiffs incorporate paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

25.  This count arises from the violation of the IMWL, for Defendants' failure to pay Plaintiffs and other similarly situated employees earned overtime pay for hours worked in excess of forty (40) in individual workweeks.

26.  Plaintiffs are former employees of Defendants. See Paragraphs 7, 14-15, *supra.*

27.  Defendants regularly and customarily directed Plaintiffs to work in excess of forty (40) hours in individual work weeks. Plaintiffs customarily worked in excess of seventy (70) hours in individual work weeks. See Paragraphs 16, 19, *supra.*

28.  Other similarly situated employees were also directed to work in excess of forty (40) hours in individual work weeks. See Paragraph 16, *supra.*

29.  Defendants did not pay Plaintiffs an overtime rate of one and one-half their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks. See Paragraph 19, *supra.*

9

30.     Other similarly situated employees were likewise not paid overtime at the rate of one and one-half times their regular hourly rate for all time they worked in excess of forty (40) in individual work weeks. See Paragraph 19, *supra*.

31.     For all time worked in excess of forty (40) in individual workweeks, Plaintiff and the similarly situated employees were entitled to be paid at the rate of one and one-half times their regular hourly rate of pay.

32.     Defendants' failure to pay overtime violated the maximum hour provisions of the IMWL.

33.     Pursuant to 820 ILCS 105/12(a), Plaintiffs and similarly situated employees whom Plaintiffs represent are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants, as follows:

A.      A judgment in the amount of all back wages due to Plaintiffs and similarly situated employees as provided by the IMWL;

B.      Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

D.      A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

E.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
### (Violation of Illinois Minimum Wage Law – Minimum Wages)
### (Plaintiffs Individually and on behalf of all Similarly Situated Employees)

Plaintiffs incorporate paragraphs 1 through 33 of this Complaint, as if fully set forth herein.

34.     This count arises from the violation of the IMWL for Defendants' failure to pay Plaintiffs and other similarly situated employees whom they represent the Illinois mandated minimum wages for all the time they worked.

35.     During the course of their employment with the Defendants, Plaintiffs and similarly situated employees were routinely not compensated for all the time worked for Defendants, resulting in Plaintiffs' and other similarly situated class members' hourly wage to fall below the Illinois minimum wage. See Paragraph 19, *supra.*

36.     Defendants failure to pay the Illinois minimum wage rate violated the minimum wage hour provisions of the IMWL.

37.     Plaintiffs represent all current and former similarly situated employees of Defendants who have not been paid minimum wages in the past three (3) years, through and including the present.

38.     Pursuant to 820 ILCS 105/12(a), Plaintiffs and similarly situated employees are entitled to recover unpaid wages for three (3) years prior to filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs pray for a judgment against Defendants, as follows:

A.     A judgment in the amount of all back wages due to Plaintiffs and similarly situated employees, as provided by the IMWL;

B.     Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

11

C.   Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

D.   A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

E.   Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act – Earned Wages
### (Plaintiffs Individually and on behalf of all Similarly Situated Employees)

Plaintiffs incorporate paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

39.   This count arises from Defendants' failure to pay Plaintiffs and similarly situated employees their earned wages for all time worked at the rate agreed to by the parties in violation of the IWPCA.

40.   During the course of Plaintiffs' employment with Defendants, the Plaintiffs had an agreement that they would be compensated at the agreed upon hourly rates for all time worked. See Paragraphs 17, 18, *supra.*

41.   During the course of their employment with Defendants, Plaintiffs and other similarly situated employees were regularly not compensated at the agreed upon rates for all time they worked for Defendants. See Paragraph 17, *supra.*

42.   Plaintiffs and Class Members were entitled to be paid for all time worked at the rate agreed upon by the parties.

43.   Defendants' failure to compensate Plaintiffs and similarly situated employees for all time worked at the rate agreed to by the parties violated the IWPCA.

12

THECLEANINGCOMPANY

☑016

44.     Plaintiffs represent all current and former employees of Defendants who
have not been paid for all time worked at the rate agreed to by the parties in the past five
(5) years, through and including the present.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.     A judgment in the amount of all back wages due to Plaintiffs and similarly
situated employees as provided by the IWPCA;

B.     Prejudgment interest on the back wages in accordance with 815 ILCS
205/2;

C.     Reasonable attorneys' fees and costs of this action;

D.     That the Court determines the rights of the parties and direct Defendants to
account for all hours owed wages owed to similarly situated employees
during the temporality of the class;

E.     An injunction precluding Defendants from violating the IWPCA, 820
ILCS 115/1 *et seq.*;

F.     Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Fair Labor Standards Act -- Overtime Wages
### (Plaintiffs only)

Plaintiffs incorporate paragraphs 1 through 44 of this Complaint, as is fully set
forth herein.

45.     This count arises from Defendants' violation of the FLSA, 29 U.S.C.
§201, *et seq.*, for their failure to pay overtime wages to Plaintiffs at a rate of one and one-
half times the regular hourly rate of pay.

46.     Plaintiffs were directed by Defendants to work, and did so work, in excess
of forty (40) hours per week.

47.     Defendants' failure to pay Plaintiffs overtime wages at a rate of one and
one-half times their regular hourly rate of pay for all hours worked in excess of forty (40)
in individual work weeks violated §207 of the FLSA.

13

48. Defendants willfully violated the FLSA by refusing to pay Plaintiffs overtime wages for all hours they worked in excess of forty (40) hours per week.

49. Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times the then applicable minimum wage for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and,

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: June 18, 2008

JOHN E. UNTEREKER
CHRISTOPHER J. WILLIAMS
Working Hands Legal Clinic (#44534)
77 W. Washington, Suite 1402
Chicago, Il 60602
(312) 795-9115

Attorneys for Plaintiffs

14

07/14/2008 17:49 FAX 16308341279          THECLEANINGCOMPANY                              ☒018

# EXHIBIT A

07/14/2008 17:49 FAX 16308341279          THECLEANINGCOMPANY          Ø019

07/14/2008 17:50 FAX 16308341279          THECLEANINGCOMPANY                    ☑020

# EXHIBIT B

07/14/2008 17:50 FAX 16308341279          THECLEANINGCOMPANY



07/14/2008 17:51 FAX 16308341279          THECLEANINGCOMPANY                    @022

# EXHIBIT C

07/14/2008 17:51 FAX 16308341279          THECLEANINGCOMPANY                    ☒023



07/14/2008 17:52 FAX 16308341279          THECLEANINGCOMPANY                    ☒024

# EXHIBIT D

07/14/2008 17:52 FAX 16308341279        THECLEANINGCOMPANY        ☑ 025

